IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**JIMMY DISMUKE and
RAINBOW HOG FARM, INC.**                                                        **PLAINTIFFS**

VS.                                         Case No. 05-CV-1004

**MIKE JOHANNS, DEPARTMENT OF
AGRICULTURE UNITED STATES OF
AMERICA**                                                                        **DEFENDANT**

## ORDER

Before the Court is Defendant Mike Johanns, Department of Agriculture, United States of America's ("Defendant") Motion to Dismiss. (Ecf. doc. 12). Plaintiff Jimmy Dismuke and Rainbow Hog Farm, Inc. ("Plaintiff") has responded. (Doc. 22). The Court finds this motion ripe for consideration, and upon consideration, finds the motion to dismiss should be and hereby is granted in part and denied in part, for the reasons that follow.

**I.      Background**

On July 24, 2002, Plaintiff, proceeding pro se, filed this Complaint in the United States District Court for the District of Columbia. (Ecf. doc. 1). This Complaint was captioned "For Declaratory Judgment, Review of Agency Action Violations of Equal credit opportunity Act, Violations of title VI of Civil Right Act of 1964 and Reprisal." Initially, rather than answering Plaintiff's complaint, Defendant filed a motion to dismiss. (Ecf. doc. 7). Plaintiff filed an amended complaint on April 18, 2003, and Defendant filed a second motion to dismiss and motion to transfer on July 11, 2003. In this most recent amended complaint, Plaintiff alleges that he applied for a wetlands delineation to be performed on his property by the Natural Resources Conservation Service (NCRS), a part of the U.S. Department of Agriculture, the delineation was intentionally delayed and incorrectly performed because he is an African-American, and that he was not made aware of his right to appeal the NCRS's decision. Plaintiff alleges that he filed a complaint with Defendant in April 2000 and that Defendant "conducted a meaningless, or ghost

-1-

investigation" of his discrimination complaints concerning the wetlands delineation, and that Defendant retaliated against him for lodging complaints.

Plaintiff claims jurisdiction is founded on "15 U.S.C. § 1961, 28 U.S.C. §§ 1331, 1343 and 2001, 42 U.S.C. § 706, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2001-2000d-4." Plaintiff claims violations of the Equal Credit Opportunity Act (ECOA)(15 U.S.C. § 1691, et seq.) the Administrative Procedure Act (APA)(5 U.S.C. § 551, et seq.) and Title VI of the Civil Rights Act of 1964.

In response to the amended complaint, Defendant filed a Motion to Dismiss and Motion to transfer the case to the United States District for the Western District of Arkansas[1]. (Ecf. doc. 12). The District of Columbia Court granted the Motion to transfer the case but did not rule on the merits of Defendant's Motion to Dismiss. Plaintiff did not file a response to the Motion to Dismiss in the District of Columbia Court, and, after several lengthy extensions of time, Dismuke has filed a response to the motion to dismiss. (Doc. 22).

**I.     Discussion**

In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court is required to accept the factual allegations of Plaintiff's complaint as true and view the facts in the light most favorable to him. Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 673 (8th Cir. 2004). The court may grant the Defendant's motion only if, after so viewing the pleadings, it is patently clear that there is no set of facts that Plaintiff could prove thereunder which would entitle it to the relief sought in the complaint. Id.

In ruling on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss of lack of subject matter jurisdiction, asserting a facial challenge to jurisdiction, the Court must determine whether the asserted jurisdiction is patently meritless by looking to the face of the complaint. McKenzie v. City of White Hall, 112 F.3d 313, 316 (8th Cir. 1997). An attack on subject matter

---

[1] Defendant also a filed a partial Motion to Dismiss in the companion case to this lawsuit (Case No. 05-CV-1003).

jurisdiction may be raised at any time, and the burden of proving subject matter jurisdiction is on the plaintiff. VS Ltd. Partnership v. Department of Housing and Urban Development, 235 F.3d 1109 (8th Cir. 2000).

The Court's task is made more difficult because Plaintiff's response to the Defendant's motion to dismiss is largely incomplete and hard to understand at times. Plaintiff begins by stating that the complaint sought violations of rights under the Equal Protection and Due Process clauses of the Fifth Amendment, the ECOA, the APA, violations of rights under 42 U.S.C. § 1981 and violations of the Arkansas Constitution. This is simply not true. As the Court set out above, Plaintiff's Amended Complaint alleges violations of Title VI, the ECOA, and the APA. Plaintiff's offer to aver to his claims of violations of rights under the Equal Protection and Due Process clauses of the Fifth Amendment, violations of 42 U.S.C. § 1981, and Arkansas Constitutional Tort, however generous, is irrelevant.

The Court will turn to the arguments raised by Defendant's motion to dismiss and Plaintiff's response. Defendant first argues that all claims brought by Rainbow Hog Farms should be dismissed because it is not a proper party to this action. Plaintiff fails to address this argument in his response. Defendant argues that Plaintiff's complaint fails to allege that Rainbow Hog Farms ever applied for any benefit or exhausted any administrative remedies prior to seeking judicial review. Plaintiff's pro se complaint must be construed liberally. The Court feels that it is premature to dismiss Rainbow Hog Farms, Inc., as a party to this action.

Defendant argues that Plaintiff's ECOA claims involve a non-credit benefit program, so they are not cognizable under the ECOA. Further, Defendant argues that Plaintiff's administrative civil rights complaint processing claims are not cognizable under the ECOA. Plaintiff fails to address this argument in his response. Plaintiff instead argues without discussion "it is clear that Plaintiffs can prove facts which support their claims and that would entitled him to relief . . . [t]herefore, the Court has subject matter jurisdiction over the Plaintiffs' claims for violations of the ECOA and they can not be dismissed." The Court agrees with

Defendant. A wetlands delineation does not constitute or relate to a credit transaction, and Plaintiff's complaint contains no allegations which could be construed liberally to relate to a credit transaction. Also, the processing of Plaintiff's complaint about the delay in the wetlands delineation is not a credit transaction or an aspect of a credit transaction, so it is not actionable under the ECOA.

Defendant argues that Plaintiff's Title VI claims should be dismissed because the processing of claims of discrimination cannot give rise to liability independent of the underlying allegations. Defendant also argues that Title VI does not apply in this case and there has been no waiver of sovereign immunity. Plaintiff does not address this argument in his response. The Court agrees with Defendant that the Plaintiff's claims that Defendant discriminated against him in processing his allegations of discrimination or in administering its farm programs are not actionable under Title VI. See Wise v. Glickman, 257 F.Supp.2d 123, 131-132 (D.D.C. 2003)("[Title VI] does not [cover] the operations of the federal government and its agencies . . . a plaintiff may not bring suit under Title VI for programs maintained directly by federal agencies.") Accordingly, Plaintiff's Title VI claims should be dismissed.

In its motion to dismiss, Defendant also argues that Plaintiff's claims that defendant violated the APA by discriminating against him in his participation in farm loan programs or in the processing of his complaints must fail, because 7 U.S.C. § 6912(e) requires the exhaustion of administrative remedies and Plaintiff has not alleged the exhaustion of his administrative remedies.

The Eighth Circuit Court of Appeals has recently addressed the issue of § 6912(e)'s scope and held "Section 6912(e) is nothing more than a codified requirement of administrative exhaustion and is thus not jurisdictional." Ace Property and Cas. Ins. Co. v. Federal Crop. Ins. Corp., - - - F.3d - - - -, 2006 WL 645907 (8th Cir. 2006). Because this section is not jurisdictional, a party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if exhaustion would cause irreparable harm, if further

administrative procedures would be futile, or if the issues to be decided are primarily legal rather than factual.  Id.   The Court will, at this time, allow Plaintiff to proceed on his APA claims, however, this may be an appropriate area for the Court to revisit on summary judgment.

## III.   Conclusion

The Court finds that the Defendant's motions to dismiss in part should be and hereby are **granted in part and denied in part**. Plaintiff's ECOA and Title VI claims are dismissed. Plaintiff's APA claims shall proceed to trial.

**IT IS SO ORDERED** this 5th day of April, 2006.

                                          /s/ Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          U.S. District Judge